## Snyder Estate (No. 2)

*Albert J. Schell*, for petitioner.

*Robert Boyd, Jr.*, for respondent.

*Raymond Kleiman, Deputy Attorney General*, for Commonwealth, amicus curiae.

BOLGER, J., September 1, 1965.—By an opinion dated February 17, 1964, and since reported in 32 D. & C. 2d 291, this court sustained preliminary objections on behalf of the Commonwealth of Pennsylvania and found that it had no jurisdiction over the Public School Employees' Retirement Fund, hereinafter referred to as the fund, and that the proper venue for the dispute concerning distributions from the fund was in the Commonwealth Court of Dauphin County at Harrisburg.

In that opinion the court dismissed the preliminary objections of Evelyn M. Robinson, designated beneficiary of a certain annuity, with leave to file a responsive answer to the petition by widower to show cause why he could not elect to take against decedent's designation of Robinson as beneficiary.

Decedent had been a teacher in the public schools of Philadelphia for 42 years. She retired June 30, 1962, and prior to the date of her resignation she filed an application for her retirement benefits to be effective July 1, 1962. She elected to be paid under option 2 of the plan. There were other options she might have chosen. Option 2 on the application she filed read as follows: "A member at the time of retirement may elect to receive a reduced allowance which will be continued throughout the life of the member or any designated beneficiary." She designated her sister, Evelyn M. Robinson, as the "designated beneficiary." Decedent died September 10, 1962, without having received any payment from the fund. Her husband duly qualified as administrator of her intestate estate. Following the death of Gertrude M. Snyder, the fund started making payments of $237.42 to Robinson and continued until this suit was begun and since then all payments have been withheld. The fund offered to pay the annuity for the months July through September to the administrator if he would sign a release. He refused to do so.

After the opinion of this court, supra, at the request of counsel for widower and for beneficiary, the Retirement Board, hereafter referred to as the board, acting through the Attorney General's office, requested leave to remain in this case as amicus curiae. The board in so doing agreed to be bound by the ultimate decision, without prejudice to its right in any other dispute which might arise to rely on the opinion which found that jurisdiction over the fund and the board remains in the Commonwealth at Harrisburg.

Despite this agreement, counsel for beneficiary and for the board referred to section 803 of the Act of August 4, 1959, P. L. 599, 24 PS §3803, which provides for an absolute exemption ". . . from any State or municipal tax, and . . . from levy and sale, garnishment, attachment or any other process whatsoever . . ." For reasons more fully set forth herein, the hearing judge finds that the cited section is not applicable to a solution of the problem.

Testimony was introduced at the hearing. Quite some time later certified copies of certain extracts of regulations were submitted by agreement of all parties.

The secretary of the board testified that the application for retirement was duly received and processed before it was determined that the amount of monthly annuity to the retiree and her beneficiary after the death of the former was to be $237.42. He explained that during any given summer not less than 1,800 applications are received and that all must be processed before being presented to the board for approval. This explained the delay in sending the checks to the decedent during her lifetime.

The annuity factor given to the board is based upon the total amount to the credit of the former employe and the respective ages of the retiree and of the designated beneficiary computed actuarily.

This witness stated that, once the application had been approved, even if the successor beneficiary had died during the lifetime of the retiree she could not have then selected a new beneficiary. At any time prior to the approval of the board, it was his opinion that she could have changed the beneficiary, if not the option.

Had another option been selected other results might have followed.

Witness stated that he had no knowledge of any specific regulation adopted by the board expressly declaring that option 2, once approved by the board, is irrevocable. But he stated that it has always been the policy of the board to treat and rule that the election becomes irrevocable upon such approval.

An independent and qualified actuarian was called as an expert on behalf of widower. In response to a hypothetical question he stated that, in his opinion, *if* a retired person were permitted to change the beneficiary designation under option 2 there could be an actuarial equivalent established by re-computing the annuity on the basis of the respective life expectancies of the retiree and the new beneficiary, and hence there would be no increase in the liability of the fund.

On cross examination, he stated that in his experience he had never known of a change of beneficiary being allowed after the death of the pensioner. He acknowledged that some plans with which he is familiar expressly provide that the election of the option, once approved, is irrevocable. He knew of no plan which expressly stated that such an election is revocable.

He acknowledged that such an election is usually considered to be irrevocable.

The certified copies of various regulations adopted by the board are not relevant to the issues in this case. None adverts to option 2 or to any other option.

It must, therefore, be assumed by the hearing judge that there is no regulation, formally adopted, respecting the revocability of the election once it has been approved.

It is the position of widower that in the absence of such a regulation the designation of the sister was revocable until the time of his wife's death, and therefore was such a "conveyance" as is contemplated in section 11 of the Estates Act of April 24, 1947, P. L. 100, as amended. He therefore contends that he is entitled to receive one half of the monthly annuity for and during the lifetime of the sister. He also claims that his wife retained a power to consume principal during her lifetime and this fact further places the annuity in the category of a "conveyance" against which he can elect to take.

The application for retirement allowance signed by decedent contains no express power of revocation.

The description of the various options available makes no reference to revocability or change.

Can the right to revoke be implied?

After a careful study of the evidence, the hearing judge finds that the election was irrevocable. Widower has failed to show any instance where, after the election was approved, the right to revoke was recognized. On the contrary, the secretary of the board has affirmatively stated that as a matter of policy, and for good and sufficient reasons, the approval of the election by the board is considered in all instances to be irrevocable.

It is true that section 11, supra, applies to either a surviving husband or wife. It is equally true that unless a power of appointment, or to revoke, or to consume has been retained the "conveyance" is not testamentary in character.

The fact that some part of the monthly annuity which decedent was entitled to receive during her life

might be a part of her own contribution to the fund cannot be construed to be a retained power of consumption. It is admitted that had she elected to take an option which would have given her a maximum monthly return during her lifetime, upon her death no one would have been entitled to receive any remaining part of her contribution, accrued interest or reserves set up by the Commonwealth and the school district: Ogden v. Public School Employes' Retirement Board, 198 Pa. Superior Ct. 174 (1962).

It is admitted that this case does not involve a contract of life insurance, for if it did there could be no question at all since the Estates Act, supra, in section 8 expressly provides that the designation of a beneficiary shall not be considered testamentary. There is, however, a definite analogy in the facts of this case and the purchase of a life insurance contract. In the present case decedent could have requested and received in cash the commuted value of the maximum monthly payments as determined actuarily. Instead of so doing she agreed, in effect, to accept in lieu of purchasing an annuity contract. She accepted less than the maximum by designating a succeeding beneficiary.

I find that the election was irrevocable, and therefore enter the following

## DECREE

And now, September 1, 1965, the petition of Frank J. Snyder, surviving spouse of Gertrude M. Snyder, for leave to elect to take against the beneficiary designation of Evelyn M. Robinson to be entitled to the annuity from the Public School Employee's Retirement Fund is dismissed and the said Retirement Board is authorized to re-instate payments of the monthly annuity of $237.42 to Evelyn M. Robinson, from the date of the last payment which was due to Gertrude M. Snyder, now deceased.